FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 2 7 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES N. HATTEN, Clerk
By: _Angela J. Lewis_
Deputy Clerk

ORIGINAL

UNITED STATES OF AMERICA

*v.*

MANUEL VALLES CARRASCO

AND

MAURICIO F. LORIA

CRIMINAL INDICTMENT

No.  **1:13CR0342**

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

**Count One**
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

1. From an unknown date, but at least by in or about April 2009, through

in or about April 2012, the exact dates being unknown to the Grand Jury, in the

Northern District of Georgia and elsewhere, Defendants MANUEL VALLES

CARRASCO and MAURICIO F. LORIA did knowingly and willfully combine,

conspire, confederate, agree, and have a tacit understanding with each other, to

devise and intend to devise a scheme and artifice to defraud, and to obtain

money and property by means of materially false and fraudulent pretenses and

representations, and, in so doing, did transmit and cause to be transmitted by

1

means of wire communications in interstate and foreign commerce, any writings,

signs, signals, pictures and sounds for the purpose of executing such scheme and

artifice, in violation of Title 18, United States Code, Section 1343.

## Background

2. "Company 1" is a business that is headquartered in Atlanta, Georgia.

In or about September 1998, Defendant MAURICIO F. LORIA ("LORIA") was

hired by a subsidiary of Company 1 in its Atlanta, Georgia office. In or about

February 2009, LORIA became the Senior Director of Business Intelligence for the

subsidiary of Company 1. LORIA worked as the Senior Business Director until

on or about July 23, 2013.

3. aXs Information Technology, LLC ("aXs") was a Georgia limited

liability company, registered on or about October 15, 2007, to Defendant

MANUEL VALLES CARRASCO's ("VALLES") home address in Woodstock,

Georgia. aXs was administratively dissolved in or about September 2010,

although it continued to exist nominally. VALLES was the President and

registered agent for aXs.

## Manner and Means

It was part of the conspiracy that:

2

4. In his capacity as the Senior Director of Business Intelligence, LORIA had the authority to approve outside vendors to provide goods and services to Company 1, and to approve invoices from outside vendors seeking payment for services or goods provided to Company 1. LORIA authorized aXs as an approved vendor for Company 1.

5. On a date unknown, but no later than April 2009, VALLES and LORIA devised a scheme to defraud and to obtain the money and property of Company 1 by submitting false and fraudulent invoices requesting payment from Company 1 for services and goods purportedly provided by aXs. These invoices primarily were for purported consulting services and software purchases. In fact, both VALLES and LORIA knew that aXs had not provided any legitimate goods or services to Company 1.

6. LORIA created false and fraudulent purchase orders on behalf of Company 1, falsely representing that Company 1 was purchasing certain goods and services, including software and consulting services, from aXs. LORIA sent the purchase orders to VALLES. VALLES, on behalf of aXs, then remitted false and fraudulent invoices to LORIA and to Company 1, seeking payment for the goods or services purportedly rendered. LORIA, in his capacity as an employee

3

of Company 1, approved the invoices, and caused them to be sent to Company 1's accounting department for payment.

7.   Company 1, having received an approved invoice, authorized payment of funds to aXs for the amounts listed on the invoices, and caused funds to be transferred via wire communication in interstate and foreign commerce from Company 1's JP Morgan Chase account to aXs's Bank of America account xxxxxx4891.

8.   A portion of the funds fraudulently obtained from Company 1, which represented the proceeds of the fraud, were then transferred to LORIA via wire communication or check from the aXs account.  VALLES maintained and used the remainder of the funds in the aXs account for personal expenses.

9.   In total, VALLES and LORIA submitted and caused to be submitted approximately 35 false and fraudulent invoices from aXs to Company 1 for payment, and fraudulently obtained more than $250,000 from Company 1.

All in violation of Title 18, United States Code, Section 1349.

4

**Counts Two Through Six**
Wire Fraud
(18 U.S.C. § 1343)

10. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in Paragraphs 2 through 9 of this Indictment as if fully set forth herein.

11. Beginning in or about April 2009, and continuing until in or about June 2012, in the Northern District of Georgia and elsewhere, the Defendants MANUEL VALLES CARRASCO and MAURICIO F. LORIA, did knowingly devise and intend to devise a scheme and artifice to defraud Company 1, and to obtain money and property of Company 1 by means of materially false and fraudulent pretenses and representations.

**Execution of the Scheme**

12. On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, Defendants MANUEL VALLES CARRASCO and MAURICIO F. LORIA, aided and abetted by each other, having devised and intending to devise the scheme and artifice described above, and for the purpose of executing the scheme and artifice and obtaining money and property of Company 1 by means of material false and fraudulent pretenses and representations, caused to be transmitted by means of wire communication in

5

interstate and foreign commerce, certain signs, signals, and sounds, that is, the

transfer of funds listed in Column C, each transaction constituting a separate

count of the Indictment, as listed in Column A:

| Column A | Column B | Column C |
|---|---|---|
| Count | Date of Wire Transfer (on or about) | Amount of Funds Transferred from Company 1's JPMorgan Chase to AXS's Bank of America account xxxx4981 |
| 2 | 5/20/2009 | $13,684.32 |
| 3 | 9/17/2010 | $18,875.54 |
| 4 | 5/27/2011 | $23,870.48 |
| 5 | 10/28/2011 | $12,510.00 |
| 6 | 6/8/2012 | $7,470.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### Counts Seven Through Eleven
Wire Fraud
(18 U.S.C. § 1343)

13. Beginning in or about October 2010, and continuing until in or about

December 2012, in the Northern District of Georgia and elsewhere, the defendant

MANUEL VALLES CARRASCO, did knowingly devise and intend to devise a

scheme and artifice to defraud Company 2 and to obtain Company 2's money

and property by means of materially false and fraudulent pretenses and

representations.

6

**Background**

14. Company 2 is a company headquartered in Paris, France, with various subsidiary companies (collectively, "Company 2") located in the United States.

15. On or about June 3, 2010, Defendant VALLES was hired as the Information Technology ("IT") Analyst for a subsidiary of Company 2 in its Roswell, Georgia, office.  On or about October 4, 2010, VALLES's job title was changed to IT Manager.  From on or about October 4, 2010, through on or about February 28, 2013, VALLES was employed as the IT Manager for a subsidiary of Company 2.  As the IT Manager, VALLES's job included managing IT application services and devising and implementing a plan to acquire necessary hardware, software and related equipment for the subsidiary company.

16. The Grand Jury re-alleges and incorporates by reference the factual allegations of Paragraph 3 of this Indictment as if fully set forth herein.

**Description of the Scheme**

17. The defendant's scheme and artifice to defraud is more particularly described as follows:

    a.  On or about October 12, 2010, VALLES authorized aXs as one of Company 2's approved vendors for software purchases.

        Unbeknownst to Company 2, VALLES was the true owner of aXs,

7

and he never informed Company 2 of this fact. VALLES authorized aXs to receive electronic payments from Company 2 upon receipt of approved invoices.

b. Beginning on or about October 13, 2010, VALLES, through Company 2, began submitting false and fraudulent purchase orders to aXs for various software, hardware and related equipment purchases purportedly made by Company 2, when in fact, as VALLES knew, the goods listed in the purchase orders had in fact not been legitimately provided by aXs. VALLES, through aXs, then submitted invoices requesting payment for the goods listed in the purchase orders. VALLES, as the IT Manager, had authority to, and did, approve the invoices from aXs for payment, which were then submitted to Company 2's accounting department. Once payment was authorized, funds were electronically transferred from various bank accounts belonging to Company 2 to a Bank of America account xxxxxxxx4981 in the name of aXs, which was controlled by VALLES.

c. From on or about October 13, 2010, through on or about December 3, 2012, VALLES, through aXs submitted approximately 100 false and

8

fraudulent invoices for payment from Company 2. VALLES

approved the invoices and authorized payment, which caused

Company 2 to issue payment to aXs in the form of electronic

transfers of funds. As a result, VALLES, through aXs, fraudulently

received approximately $500,000 from Company 2.

## Execution of the Scheme

18. On or about the dates set forth below in Column B, in the Northern

District of Georgia and elsewhere, defendant MANUEL VALLES CARRASCO,

having devised and intending to devise the scheme and artifice described above,

and for the purpose of executing the scheme and artifice and obtaining money

and property of Company 2 by means of material false and fraudulent pretenses

and representations, caused to be transmitted by means of wire communication

in interstate and foreign commerce, certain signs, signals, and sounds, that is, the

transfer of funds listed in Column C, each transaction constituting a separate

count of the Indictment, as listed in Column A:

9

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date of Wire Transfer (on or about) | Amount of Funds Transferred from Company 2's bank accounts to aXs's Bank of America account xxxx4981 |
| 7 | 10/13/2010 | $22,851.13 |
| 8 | 2/15/2011 | $12,935.53 |
| 9 | 12/20/2011 | $22,448.39 |
| 10 | 4/23/2012 | $28,952.21 |
| 11 | 11/28/2012 | $9,764.34 |

All in violation of Title 18, United States Code, Section 1343.

**Forfeiture Provision**

Upon conviction of one or more offenses alleged in this Indictment, defendant

MANUEL VALLES CARRASCO and MAURICIO F. LORIA shall forfeit to the

United States any property, real or personal, which constitutes or is derived from

gross proceeds traceable to such violations, pursuant to Title 18, United States

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

including but not limited to, a money judgment representing the amount of

proceeds obtained, directly or indirectly, as a result of said offenses.

If, as a result of any act or omission of the defendant, any property subject to

forfeiture:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third person;

    c.  Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __+rue__ BILL

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JAMIE L. MICKELSON
ASSISTANT UNITED STATES ATTORNEY
Provisionally Admitted
Pursuant to Local Rule 83.1

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000

11